IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY Z. MITTMAN, individually and as parent and natural guardian of JACOB MITTMAN, a minor,<br><br>    *Plaintiffs,*<br>  v.<br><br>NATIONWIDE AFFINITY INSURANCE COMPANY,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 16-04658 |

**PAPPERT, J.**                                                                                                                                                       April 10, 2017

**MEMORANDUM**

      Plaintiff Jeremy Mittman sued Nationwide Affinity Insurance Company on August 26, 2016, alleging breach of contract and bad faith. On October 30, 2016, Nationwide filed a motion to dismiss Mittman's bad faith claim. (ECF No. 6.) The Court grants the motion for the reasons below.

**I.**

      Mittman alleges that on February 22, 2015, his car was rear-ended by someone who then fled the scene. (Pls.' Compl., at ¶¶ 8, 10–11, ECF No. 1.) As a result, Mittman contends that both he and his minor son sustained significant physical injuries. (*Id.* ¶¶ 12–18.) Mittman's Nationwide insurance policy provides, among other things, coverage for losses sustained in accidents caused by the negligent operation of a vehicle by third persons, when that vehicle is uninsured or underinsured at the time of the accident.(*Id.* ¶¶ 7, 19.)

      Mittman's Complaint does not allege facts regarding when Mittman submitted a claim to Nationwide, the investigation Nationwide performed, when Nationwide denied

1

his claim or the basis on which it purported to do so. Mittman nonetheless contends that Nationwide acted in bad faith by, *inter alia*, failing to pay for covered losses, failing to objectively, fairly and adequately investigate and evaluate his claim, engaging in dilatory claims handling, acting unreasonably and unfairly in response to his claim, failing to effectuate an equitable settlement once its liability became reasonably clear and compelling him to litigate this claim to recover payments due under the policy. (ECF No. 1, at 7–8.)

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in the light most favorable to the plaintiff. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted). However, a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts. *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 550 U.S. at 555 (citations and alterations omitted); *see Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted).

Under *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. *See Connelly*, 809 F.3d at 787. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## III.

### A.

As an initial matter, it is unclear whether Mittman's bad faith claim is premised on an alleged violation of the Pennsylvania bad faith statute, 42 Pa. Cons. Stat. § 8371, or on an alleged breach of the common law duty of good faith and fair dealing. Mittman contends that "[t]he actions of Defendant, Nationwide, in the handling of Plaintiff's uninsured motorist claims constitute bad faith, as defined under 42 Pa. C.S.A. Section 8371." (ECF No. 1, at 7.) He later asserts, however, that Nationwide owes both a "contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's

3

underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement." (*Id.* at 8.) Finally, in his reply to Nationwide's motion, Mittman states that "Pennsylvania law clearly recognizes the cause of action alleged in Count III" since Nationwide's "contractual obligation under the insurance contract to act in good faith in protecting the interests of the insured" is "wholly independent from the statutory bad faith action, 42 Pa. C.S.A. 8371." (ECF No. 7.) It is therefore unclear whether Mittman is attempting to bring a single statutory claim based in tort law, a single common law contract claim or two claims of bad faith (one of each kind).

**B.**

**i.**

"The only tort remedy against insurers for bad faith available under Pennsylvania law is the statutory remedy provided in [42 Pa. C.S.A. § 8371]." *Emp.'s Mut. Cas. Co. v. Loos*, 476 F. Supp. 2d 478, 489 n.8 (W.D. Pa. 2007) (citing *Birth Center v. St. Paul Cos., Inc.*, 787 A.2d 376, 390 (Pa. 2001)). The statute states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 PA. C.S.A. § 8371.

"Bad faith" is not defined in the statute, though courts have held that a Section 8371 claim contains two elements: (1) the insurer lacked a reasonable basis for denying

4

benefits under the applicable policy; and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for refusing the claim. *Loos*, 476 F. Supp. 2d at 490 (citing *Terletsky v. Prudential Prop.*, 649 A.2d 680, 688 (Pa. Super. 1994)); *see also Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307–08 (3d Cir. 1995) (citing *D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co.*, 431 A.2d 966, 971 (Pa. 1981)). Various other actions by an insurer can constitute bad faith, such as "lack of investigation into the facts[ ] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 668–69 (W.D. Pa. 2012); *Corch Const. Co. v. Assurance Co. of Am.*, No 1250-C, 2003 WL 23473924 (Pa. Commw. Ct. 2003) (Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue."); *see also Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999).

The plaintiff-insured must show that the insurer acted in bad faith based on some motive of self-interest or ill will. *Terletsky*, 649 A.2d at 688. In so doing, the plaintiff need not show that the insurer's conduct was fraudulent, but mere negligence or bad judgment is insufficient to make out a claim for bad faith. *Id.* Moreover, an insured must demonstrate statutory bad faith by clear and convincing evidence. *Loos*, 476 F. Supp. 2d at 491 (citing *Terletsky*, 649 A.2d at 688). "The 'clear and convincing' standard requires that the plaintiff show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether . . . the defendants acted in bad faith." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004).

**ii.**

Pennsylvania law also permits a plaintiff to "bring a cause of action for breach of the contractual duty of good faith and fair dealing in the insurance context, permitting an insured to recover compensatory damages for an insurer's failure to act in good faith." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 408 (W.D. Pa. 2011) (citing *Benevento v. Life USA Holding, Inc.*, 61 F. Supp. 2d 407, 425 (E.D. Pa. 1999); *Gray v. Nationwide Mut. Ins. Co.*, 422 Pa. 500, 223 A.2d 8, 11 (Pa. 1966)). "The duty of good faith has been defined as [h]onesty in fact in the conduct or transaction concerned." *Heritage Surveyors & Engineers, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1253 (Pa. Super. Ct. 2002) (quoting *Creeger Brick and Building Supply, Inc. v. Mid-State Bank and Trust Co.*, 560 A.2d 151, 153 (Pa. Super. Ct. 1989)).

Pennsylvania law, however, does not recognize a separate breach of contractual duty of good faith and fair dealing where that claim is subsumed by a separately pled breach of contract claim. *Ross v. Metro. Life Ins. Co.*, 411 F. Supp. 2d 571, 583–84 (W.D. Pa. 2006) (dismissing a breach of fiduciary duty claim as redundant of the plaintiff's breach of contract claim); *LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 391 (Pa. Super. Ct. 2008), *appeal denied*, 960 A.2d 841 (Pa. 2008); *Somers v. Somers*, 613 A.2d 1211, 1215 (Pa. Super. Ct. 1992). Applying Pennsylvania law, several courts have held that where the plaintiff alleges that the defendant breached its duty of good faith and fair dealing by denying first party benefits under an insurance policy, the claim is subsumed by the plaintiff's breach of contract claim premised on the same conduct. *See, e.g.*, *Meyer v. Cuna Mut. Group*, No. 03-602, 2007 WL 2907276 at *15 (W.D. Pa. Sept. 28, 2007) (holding that where the conduct forming the basis of the

plaintiff's breach of duty of good faith and fair dealing claim is the same conduct forming the basis for the breach of contract claim, the claims merge and there is no separate cause of action for breach of duty of good faith and fair dealing); *see also Ingersoll–Rand Equip. Corp. v. Transp. Ins. Co.*, 963 F. Supp. 452, 453–54 (M.D. Pa. 1997); *Garvey v. Nat'l Grange Mut. Ins. Co.*, No. 95–0019, 1995 WL 115416, at *4 (E.D. Pa. Mar. 16, 1995); *Greater N.Y. Ins. Co. v. N. Ins. Co.*, 872 F. Supp. 1403, 1409 (E.D. Pa. 1995), *aff'd*, 85 F.3d 1088 (3d Cir. 1996) (stating "[t]he Pennsylvania Supreme Court treats the breach of contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases") (citation omitted).

## C.

Regardless of whether Mittman bases his claim on statutory tort law or common law contract law, the facts in his Complaint are insufficient to survive Nationwide's motion to dismiss. Mittman pleads facts regarding the occurrence of the accident, (Pls.' Compl., ¶¶ 8–11), the resulting injuries to him and his son, (*id.* ¶¶ 12–18), and the policy's provision of uninsured/underinsured motorist benefits, (*id.* ¶¶ 7, 19). He then contends that Nationwide acted in bad faith by failing to conduct an adequate and fair investigation, engaging in dilatory claims handling and refusing to pay for losses once its liability became reasonably clear. He does not, however, allege any specific facts in support of these general contentions. (*Id.* ¶¶ 36–40.) These are precisely the type of "threadbare recitals of the elements of a [bad faith] cause of action, supported by mere conclusory statements" held insufficient in *Iqbal*, 556 U.S. at 678. *See also Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming dismissal of bad faith claim and finding the following allegations to be conclusory: the

7

defendant "breach[ed] covenants of good faith and fair dealing," "engag[ed] in unfair settlement negotiations," "intentionally misrepresent[ed] coverage in the policy," "misrepresent[ed] facts and its evaluation of Plaintiff's claim," "fail[ed] to properly investigate [her UIM claim]," and "fail[ed] to timely respond to inquiries and correspondence"); *Yohn v. Nationwide Ins. Co.*, No. 1:13-CV-024, 2013 WL 2470963, at *5 (M.D. Pa. June 7, 2013) (holding that plaintiff failed to support conclusory statements with factual allegations where he alleged that: the defendant used abusive tactics to settle the claim without specifying what the tactics were; the defendant failed to thoroughly investigate his claim without specifying what procedures it followed or how they were deficient; the defendant caused unreasonable delay without setting forth the dates of any actions; and the defendant failed to timely respond to inquiries without setting forth any facts about those inquiries or the defendant's responses); *see also, e.g.*, *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-7367, 2015 WL 1072968, at *3 n.2 (E.D. Pa. Mar. 12, 2015); *Sypeck v. State Farm Mut. Auto. Ins. Co.*, No. 3:12-324, 2012 WL 2239730 at *3 (M.D. Pa. June 15, 2012); *Muth v. State Farm Fire & Cas. Co.*, No. 1:10-1487, 2010 WL 3805386, at *2 (M.D. Pa. Sept. 22, 2010).

Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (citing *Miracle Temple Christian Acad. v. Church Mut. Ins. Co.*, No. 12–995, 2012 WL 1286751, at *4 (E.D. Pa. Apr. 16, 2002)). Because Mittman failed to do so, dismissal of Count III is warranted.[1]

---

[1] Even if Mittman seeks to base his bad faith claim on the common law obligation of good faith and fair dealing, he must proffer additional facts regarding the specific actions Nationwide took in violation of this obligation since, to the extent such a claim was based solely on Nationwide's refusal to pay, it would be subsumed by his breach of contract claim. *See supra* subsection III.B.ii.

8

**D.**

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent a reason why leave to amend should not be granted, a party should be given the opportunity to have a claim decided upon the merits. *Clark v. State Farm Ins. Co.*, No. 89-0977, 1989 WL 153921, at *1 (E.D. Pa. Dec. 15, 1989). The Court grants Mittman thirty days to file an amended complaint that identifies the claim he wishes to bring and contains sufficient factual allegations to support it.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.